UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ERNEST CLEEK, III, <br><br> Petitioner, <br><br> vs. <br><br> DANIEL PARAMO, WARDEN,[1] <br><br> Respondent. | Case No. EDCV 12-1012-DMG (DTB) <br><br> ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections and supplemental objections have been made. The Court accepts the findings and recommendations of the Magistrate Judge.

Petitioner has also filed a "Motion: To Correct The Presumption of Correctness of the Court of Appeal[]" ("Motion") [Dkt. # 58]. In his Motion, petitioner challenges

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Daniel Paramo, the Warden of Richard J. Donovan Correctional Facility in San Diego, California, where petitioner currently is incarcerated, is hereby substituted as the proper respondent in this case.

the California Court of Appeal's summary of the underlying facts, including that court's statement that "[w]hen the authorities arrived they found [the victim David ]Vasquez on the ground 'in great pain' with an open gash on his head that was 'bleeding pretty bad[ly]'" (Lodgment 10 at 3), claiming it is untrue that Vasquez was on the ground when authorities arrived (see Motion at 3).

Preliminarily, the Court notes that petitioner did not raise an insufficiency of the evidence claim, and did not previously challenge the correctness of the court of appeal's summary of the facts in his state court proceedings or in this action. The Court has the discretion, but is not required, to consider factual allegations and arguments presented for the first time in a party's objections. See Akhtar v. Mesa, 698 F.3d 1202, 1208-09 (9th Cir. 2012); United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (a district court may decline to consider new arguments raised for the first time in Objections to the Magistrate Judge's Report and Recommendation). Out of an abundance of caution, the Court has reviewed and considered the Motion.

Petitioner points to preliminary hearing testimony of a deputy sheriff who indicated that she found Vasquez in the kitchen, bleeding, when she arrived at the scene. (Motion at 2, citing 1 CT 28.) The deputy never testified at trial, however, and did not say whether petitioner was on the ground (or floor) when she found him. (1 CT 28.) Although Vasquez's testimony comports with petitioner's contention that he was not on the ground, but was rather in the kitchen by the time emergency personnel arrived (see 1 RT 205-06), other testimony, including petitioner's own admissions to Brenda Hall, indicates that, after petitioner knocked Vasquez to the ground, petitioner retreated to a vantage point from which he watched until the ambulance arrived and Vasquez was taken away, implying that Vasquez was still on the ground when authorities responded (see 1 RT 154-55; see also 1 RT 170-71, 173, 220, 223-24). To the extent there was a discrepancy, the court of appeal was entitled to construe the testimony in favor of the judgment, and petitioner's contention to the contrary is insufficient to overcome the presumption of correctness afforded the court of appeal's

factual summary.  See, e.g., Williams v. Rhoades, 354 F.3d 1101, 1108 (9th Cir. 2004) (state appellate court findings, including those that interpret unclear or ambiguous trial court proceedings, are entitled to the same presumption of correctness that federal habeas courts afford trial court findings).

In any event, petitioner has not shown how this, or any other alleged factual disparity he raises, is material to his claims, except to say that finding the victim on the ground, bleeding "paints a very bad picture" (Motion at 3).  "AEDPA prevents [petitioners]–and federal courts –from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."  Renico v. Lett, 559 U.S. 766, 779, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010).  Irrespective of whether or not the state court's summary of this minor factual detail is correct, it is clear that its decision was not objectively unreasonable.  See id. ("Whether or not the [state court's] opinion . . . was correct, it was clearly not unreasonable.") (emphasis in original).  Under the circumstances, petitioner's reliance on his interpretation of the record is insufficient to alter the Court's conclusion in light of the deference that must be afforded to the state court's decision under AEDPA.  See id. at 769 & 777-79 (reversing circuit court's decision to affirm district court's grant of habeas relief and remanding for further proceedings because "these courts misapplied AEDPA's deferential standard of review" and "other reasonable interpretations of the record [we]re also possible"); see also id. at 773 ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.") (internal quotation marks and internal citations omitted).

IT THEREFORE IS ORDERED that Judgment be entered denying the Second Amended Petition and dismissing this action with prejudice.

DATED: November 4, 2014

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE